Mr. Justice Nott
delivered the opinion of the Court, The ordinary lays down as the basis of his decision in this case, that the civil law rule which requires the attestation of two witnesses to establish a will of personal estate ought to prevail in his Court. He then seems to think that proof of the hand writing of Jonathan Wright would not be a fulfilment of that requisite of the law; because it . afforded the opposite party no opportunity of a cross-examination and that the probate of the will, in common form, ought to be of no avail for the same reason.
Whether it has ever been decided in this State, that the civil law rule, with regard to the admission of testaments to probate, ought or ought not to be adopted in our Courts of Ordinary, I do not know. Neither do I know what rule the ordinaries themselves have observed in that respect ; and it is not necessary to decide the question in this case. The rule which requires two witnesses, requires nothing more than that their attestation should be established in the same manner as that of one witness, where one *76 only is required at common law. Thus for instance, tbs obligor oí a bond is entitled to the cross-examination of the subscribing witness. Yet, if he be dead, proof of his hand-writing is sufficient. So on an issue of dev vs amt vel non, if one, dr even all the subscribing witnesses were dead, proof of their hand writing would be sufficient. It would operate much more injuriously that one party should be deprived of the positive testimony of a witness, than that'the other should lose' the benefit of a cross-examina' tion. If, therefore, Jonathan Wright had' never been sworn before the ordinary, proof of his hand writing, with the testimony óf Villepontoitx, would fully have satisfied the law. But it is contended that the hand writing of Wright ought to have been proved by two witnesses; lei that be admitted in cases where proof of the hand-writing alone is relied oh, still this is a stronger case. Here, Wright himself had sworn to his own hand writing, and to the execution of die will by the intestate. The ordinary then had still higher evidence than proof of the hand writing would afford. He had the positive' oath of the witness, instead of proof of his hand-writing. The ordinary undoubtedly had a right to reject the testimony of Locklie; upon inspection. Colour' is in many cases an uncertain test; but it is sufficient to authorize the Court to throw the burthen of the proof upon the other side. '
The new trial must be granted.
Justices Colcock, Gantt, and Huger, concurred.